Keith A. Fink, Bar No. 146841
kfink@finklawfirm.com
Sarah E. Hernandez, Bar No. 206305
shernandez@finklawfirm.com
KEITH A. FINK & ASSOCIATES
1990 Bundy Drive, Suite 620
Los Angeles, California 90024
Telephone:  (310) 268-0780
Facsimile:   (310) 268-0790

Attorneys for Defendant
PRWT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| VICTOR MANUEL GUZMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PRWT SERVICES, INC., a Pennsylvania corporation; ALICIA VILLAPANDO, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:22-cv-246<br><br>[Los Angeles County Superior Court Case No. 21STCV45809]<br><br>**DEFENDANT PRWT SERVICES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) [DIVERSITY]** |

TO THE CLERK OF COURT AND ALL PARTIES:

PLEASE TAKE NOTICE THAT DEFENDANT PRWT SERVICES, INC., ("PRWT" and/or "Defendant"), hereby removes to this Court the state action described below pursuant to 28 U.S.C. § 1441(B).

On or about December 15, 2021, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled Guzman v. PRWT Services, Inc., et al., Los Angeles County Superior Court Case No. 21STCV45809. (**EXHIBIT A** to the Declaration of Sarah E. Hernandez "Decl. Hernandez") On or about December 15, 2021 a Civil Case Cover Sheet was issued. (**EXHIBIT B** to Decl. Hernandez) On or about December 15, 2021, a Notice of Case Assignment was issued. (**EXHIBIT C** to Decl. Hernandez)

Plaintiff claims to have effected service of his Complaint and Summons on PRWT on or about December 20, 2021. (**EXHIBIT D** to Decl. Hernandez) To date individual Defendant Alicia Villalpando ("Villalpando") has not been served. (**EXHIBIT E** to Decl. Hernandez)

### I. DEFENDANT PRWT IS A RESIDENT OF PENNSYLVANIA

There are two Defendants in this matter. PRWT, the corporation (Plaintiff's former employer) and the individual, Villalpando. (See generally, Complaint)

#### A. **PRWT Is a Pennsylvania Resident and its Principal Place of Business is in Pennsylvania**

PRWT is a Pennsylvania corporation with its principal place of business and corporate headquarters in Pennsylvania. (Declaration of Jane'quel Armstead ¶3)

"[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings. Hertz Corp. v. Friend, 559 U.S. 77, 78, (2010) Plaintiff concedes that Defendant PRWT is a Pennsylvania corporation. (Complaint at ¶2). PRWT operates a call center located in Los Angeles, California "Los Angeles Call Center." (Declaration of Ne'quel Armstead ¶4) Plaintiff was employed at the Los Angeles Call Center. (Decl. Armstead ¶7). Plaintiff concedes that he communicated "…with the Company's Human Resources ("HR") Department in the Company's headquarters in Philadelphia…" (Complaint at ¶13). Plaintiff concedes that PRWT Human Resources department in Philadelphia informed him of his termination. (Complaint at ¶25:15-20).

PRWT is headquartered in Philadelphia, Pennsylvania. The headquarters in Pennsylvania are the actual center of direction, control, and coordination of the Los Angeles Call Center. The corporate officers work out of Philadelphia, Pennsylvania. The majority of corporate decisions relating to the Los Angeles Call Center including but not limited to: financial budgets, spending, manpower, marketing, sales expenses, operations, year to year, direction strategy, is determined by PRWT in Pennsylvania. (Decl. Armstead ¶¶4,5) The Human Resources department is located in Philadelphia, Pennsylvania. (Decl. Armstead ¶6) All employment decisions

relating the Los Angeles Call Center, such as hiring, firing, medical leave, and payroll are made out of Philadelphia, Pennsylvania. (Decl. Armstead ¶6)  All decisions related to Plaintiff's employment, including his medical leave, payroll, benefits, and/or his termination were made from the headquarters in Philadelphia, Pennsylvania. (Decl. Armstead ¶7) During his employment, Guzman's employee file was maintained in Philadelphia, Pennsylvania. (Decl. Armstead ¶7) Therefore, PRWT's nerve center and corporate headquarters are in Philadelphia, Pennsylvania, making it a Pennsylvania resident for purposes of diversity.

  **B.**  **Alicia Villalpando Is a California Resident and Has Not Been Served**

  Individual Defendant Villalpando is a California resident. (Complaint ¶4). To date, she has not been served with Complaint. (See Decl. Hernandez; **EXHIBIT E**)

  **II.**  **SNAP REMOVAL IS ALLOWED WHEN THE NON-FORUM DEFENDANT (PRWT) HAS BEEN SERVED, BUT NOT THE FORUM DEFENDANT (VILLALPANDO)**

  PRWT, a Pennsylvania resident, and non-forum defendant has been properly joined and served.  (**EXHIBIT D**) Villalpando, the individual has not been served. (Decl. Hernandez; **EXHIBIT E**) Although only one of the two defendants have been served, PRWT the non-forum defendant can remove this matter pursuant to "snap removal."

  28 U.S.C. § 1441(b) prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

- 3 -
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

1  brought." See 28 U.S.C. § 1441(b). To avoid the so-called forum defendant rule
2  under § 1441(b), parties in recent years have removed cases before a forum defendant
3  has been "properly joined as served." This tactic, also known as snap removal, has
4  not been explicitly endorsed by the Ninth Circuit, although multiple other circuits
5  have. See, e.g., Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir.
6  2019); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 153 (3d Cir.
7  2018); Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc., 955 F.3d 482, 487 (5th
8  Cir. 2020); McCall v. Scott, 239 F.3d 808, 813, n.2 (6th Cir. 2001); Goodwin v.
9  Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014). U.S. Bank, N.A. as Tr. to Wachovia
10 Bank Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc., No. 221CV00339GMNVCF, 2021 WL
11 5566538, at 3 (D. Nev. Nov. 29, 2021)

12    "[t]he word "any" in "any parties in interest properly joined and served as
13 defendants is a citizen of the State in which such action is brought," means at least
14 one defendant must have been properly served before an out-of-state defendant can
15 remove a state court case to federal court on the basis of diversity jurisdiction. This
16 also means "snap removal" is not consistent with the text, history, and purpose of
17 the Forum Defendant Rule." Pratt v. Alaska Airlines, Inc., No. 2:21-CV-84-DWC,
18 2021 WL 1851725, at 4 (W.D. Wash. May 10, 2021), vacated, No. 2:21-CV-84-DWC,
19 2021 WL 5561837 (W.D. Wash. May 12, 2021)  Here because PRWT has been
20 properly joined and served, it can remove this matter.

21    "…the Ninth Circuit has interpreted this "rule" of joinder to not apply when
22 the defendants who do not join in the removal have not been served in the state
23
24

action." Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir.1984) ("Our circuit rule is that a party not served need not be joined.").

The removal statute's purpose is better served by precluding removal until at least one defendant has been served. That way "plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others." A plaintiff who "serves a non-forum defendant before serving a forum" one "has effectively chosen to waive an objection to removal by a nimble non-forum defendant who thereafter removes the case" before it can be served. And the non-forum defendant can still argue that the forum defendant was fraudulently joined. HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Sec. Corp. Home Equity Loan Tr., Series 2007-MW1, Asset-backed Pass-through Certificates v. Fid. Nat'l Title Grp., Inc., 508 F. Supp. 3d 781, 789–90 (D. Nev. 2020)

In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes at least one party has been served."(internal citations omitted) Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Grp., Inc., No. 221CV297JCMEJY, 2021 WL 1886295, at 3 (D. Nev. May 10, 2021) Therefore, because PRWT is a non-forum defendant that has been served, it can remove this matter on the basis of diversity jurisdiction.  Furthermore, as will be shown below, Villalpando is a fraudulently joined defendant and her residence is ignored for the purposes of diversity jurisdiction.

//

//

## III. VILLALPANDO IS A FRAUDULENTLY JOINED DEFENDANT-- PLAINTIFF CANNOT STATE A CAUSE OF ACTION AGAINST HER

### A. Villalpando is a Sham Defendant

Villalpando is a fraudulently joined Defendant and her citizenship is not considered. "…a court does not consider the citizenship of a 'fraudulently joined' defendant when determining whether complete diversity exists such that removal is proper pursuant to 28 U.S.C. § 1441(b)." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998). A defendant is "fraudulently joined" when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris, 236 F.3d at 1067 (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1136, 1339 (9th Cir.1987). The removing defendant may submit facts showing that a resident defendant has no real connection with the action. Standing v. Watson Pharms., Inc., No. CV09-0527 DOC(ANX), 2009 WL 842211, at 2 (C.D. Cal. Mar. 26, 2009)

A number of district courts have found that allegations of fraudulent joinder constitute a new substantive basis for removal and must be raised before the 30-day window expires. See Tincher v. Ins. Co. of State of Penn., 268 F.Supp.2d 666, 667-8 (E.D.Va.2003); Dean Witter Reynolds, Inc. v. Swett & Crawford, No. C-92-3841-JPV, 1992 U.S. Dist. LEXIS 20093, at 2-3 (N.D.Cal. Dec. 23, 1992); Cohen v. GTE Gov't Syss. Corp., No C-92-20783, 1993 U.S. Dist. LEXIS 7914, at 4-5 (N.D.Cal.

Apr. 6, 1993). Standing v. Watson Pharms., Inc., No. CV09-0527 DOC(ANX), 2009 WL 842211, at 6 (C.D. Cal. Mar. 26, 2009) A party is only deemed to have been "joined 'fraudulently' if after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Kalawe v. KFC Nat. Mgmt. Co., Civ. No. 90-007799, 1991 WL 338566, at 2 (D.Hawai'i July 16, 1991) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 (9th Cir.1989). Further, " 'district courts must not 'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent. Green v. Amerada Hess Corp., 707 F.2d 201, 204 (5th Cir.1983) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 546 (5th Cir.1981)). "The question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1296 (C.D.Cal.2000). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D.Cal.2001) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir.1990) and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988). Standing v. Watson Pharms., Inc., No. CV09-0527 DOC(ANX), 2009 WL 842211, at 6 (C.D. Cal. Mar. 26, 2009) Pool v. F. Hoffman-La Roche, Ltd., 386 F. Supp. 3d 1202, 1219 (N.D. Cal. 2019) Plaintiff has alleged that Ms. Villalpando is a resides in Los Angeles, California. (Complaint ¶4) Ms. Villalpando, a citizen of

California was fraudulently joined in order to defeat diversity.

"[T]he Ninth Circuit has noted that:

[t]here are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009) .... Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998).

We have upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant. See Ritchey, 139 F.3d at 1320; <u>Hamilton Materials, Inc. v. Dow Chem. Corp.,</u> 494 F.3d 1203, 1206 (9th Cir. 2007). We have also upheld such rulings where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant. See <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987) (defendant's conduct was privileged under state law); <u>United Comput. Sys. Inc. v. AT & T Corp.,</u> 298 F.3d 756, 761 (9th Cir. 2002) (plaintiff's claims against alleged sham defendant were all predicated on a contract to which the defendant was not a party); <u>Kruso v. Int'l Tel. & Tel. Corp.,</u> 872 F.2d 1416, 1426-27 (9th Cir. 1989) (same). <u>GranCare, LLC v. Thrower</u>, 889 F.3d 543, 548-49 (9th Cir. 2018) (emphasis in original). Here there is no possible way Plaintiff can prevail against Villalpando.

Ms. Villalpando has been named as a Defendant as to the Eighth Cause of

Action for Intentional Infliction of Emotional Distress (IIED) and the Ninth Cause of Action for Negligent Inflection of Emotional Distress (NIED). (Complaint Pages 20-22, ¶ ¶88-106) Plaintiff's Eighth and Ninth Causes of Action state that:

> *Defendants, including through their supervisory agents, repeatedly and knowingly subjected Plaintiff to a pervasive environment of discrimination, retaliation, failure to accommodate, failure to engage in the interactive process, and other adverse employment actions.* (Complaint ¶89, Emphasis added.)

Under the Ninth Cause of Action Plaintiff brings this claim based upon his "*status of an employee*". (Complaint ¶98, Emphasis added.)

The "unlawful" actions attributed to Villalpando in the Complaint are as follows:

- *asking Plaintiff to work through his lunch, instructing him to clock out for his one-hour meal period but kept him working during this hour.* (Complaint at ¶10)
- *Plaintiff has alleged that Ms. Villalpando communicated with Human Resources in Pennsylvania to get his application processed, and that Ms. Villalpando informed him that this request for intermittent leave of absence had been approved.* (Complaint ¶13)
- *Plaintiff would contact Ms. Villalpando when he took time off.* (Complaint Para 14)
- *Ms. Villalpando informed him that the company had terminated his employment.* (Complaint ¶23)

- *Mr. Guzman has alleged that Ms. Villalpando was a managing agent of Defendant and exercised substantial independent authority and judgment in …corporate decision-making such that their decisions ultimately determined corporate policy.* (Complaint ¶29)

Plaintiff's Eighth and Ninth Causes of Action for IIED and NIED are premised upon conduct that is not actionable against individual supervisors as a matter of law.

**B.    Supervisors Cannot be Held Liable for Wrongful Termination**

As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy." [Khajavi v. Feather River Anesthesia Med. Group (2000) 84 CA4th 32, 53; Miklosy v. Regents of    Univ. of Calif. (2008) 44 C4th 876, 901] Thus, no *Tameny* tort claim can be maintained against individual supervisory employees who were responsible for the employer's discharging the plaintiff. The "public policy" upon which plaintiff relies applies to the employer, not supervisory employees. [Reno v. Baird (1998) 18 C4th 640, 663, 76 CR2d 499, 514] Therefore, the claims for emotional distress premised upon Plaintiff's termination fail as a matter of law.

**C.    Supervisors Cannot be Held Liable for Discrimination or Retaliation**

An aggrieved individual has no FEHA claim against individual supervisors or coworkers who discriminate against him or her. [Reno v. Baird (1998) 18 C4th 640, 645, 76 CR2d 499, 501-502; Roby v. McKesson Corp. (2009) 47 C4th 686, 711,— supervisor held personally liable, however, where her discriminatory conduct

(hostility and demeaning treatment of employee) also supported claim of harassment based on a medical condition] Nor is a supervisor personally liable for retaliation under the FEHA. The employer alone is liable for retaliating against an employee in violation of Gov.C. § 12940(h). Supervisors and coworkers are not personally liable for their roles in the retaliation. [Jones v. Lodge at Torrey Pines Partnership (2008) 42 C4th 1158, 1173-1174]; see ¶ 5:1462 ff.] See C. *California Fair Employment and Housing Act (FEHA), Cal. Prac. Guide Employment Litigation Ch. 9-C.* Therefore, the claims against Villalpando for emotional distress due to her discriminating and/or retaliating against Plaintiff fail as a matter of law.

### D. Supervisors Cannot be Held Liable For Failure to Accommodate

An *employer* must provide a reasonable accommodation for an applicant or employee with a known mental or physical disability unless the accommodation would cause undue hardship. (Emphasis added) [Gov.C. § 12940(m)(1); 2 CCR § 11068(a); see Avila v. Continental Airlines, Inc. (2008) 165 CA4th 1237, 1247, 82 CR3d 440, 449—duty does not arise until employer aware of employee's disability] There is nothing in the Fair Employment and Housing Act that imposes personal liability on an individual for failure to accommodate. Therefore, the claims for IIED and NIED for Villalpando's failure to accommodate Plaintiff fail as a matter of law.

### E. Supervisors Cannot be Held Liable for Failure to Engage In The Interactive Process

It is unlawful for an *employer* to "fail to engage in a timely, good faith interactive process" with a disabled employee to determine effective reasonable

accommodations. [Gov.C. § 12940(n); 2 CCR § 11069(a)] Again, there is nothing in the Fair Employment and Housing Act that imposes personal liability on an individual failing to engage in the interactive process. Therefore, the claims for IIED and NIED for Villalpando's failure to engage in the interactive process fails as a matter of law.

### F. Supervisors Cannot Held Liable for Personnel Decisions

A simple pleading of personnel management activity is insufficient to support a claim for intentional infliction of emotional distress, even if improper motivation is alleged: "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." Janken v. GM Hughes Electronics (1996) 46 CA4th 55, 80. Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination. Janken at 80. Plaintiff's IIED and NIED fail against Villalpando based upon her managing personnel decisions.

### G. Plaintiff's Claims for Emotional Distress Are Barred Worker's Compensation Exclusivity

"An employer's intentional misconduct in connection with actions that are a normal part of the employment relationship ... resulting in emotional injury is

considered to be encompassed within the compensation bargain, even if the misconduct could be characterized as 'manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance.' " (Singh v. Southland Stone, U.S.A., Inc. (2010) 186 Cal.App.4th 338, 366–367, 112 Cal.Rptr.3d 455; see id. at p. 367 [worker's compensation exclusivity rule barred intentional infliction of emotional distress claim where employer "berated and humiliated [plaintiff], criticized his job performance, and insulted him with profanities on a regular basis"]; Vasquez v. Franklin Mgmt. Real Est. Fund, Inc., 222 Cal. App. 4th 819, 833, (2013)  The Eighth and Ninth Causes of Action based upon personnel decisions are also subject to Worker's Compensation exclusivity and fail as a matter of law.

### IV.     BECAUSE VILLALPANDO IS A SHAM DEFENDANT THERE IS DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES PURSUANT TO 28 U.S.C. § 1441(b)

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (a)(2) and is one which may be removed this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different countries and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Complete diversity of citizenship exists in that Plaintiff is a resident of the County of Los Angeles, California. (Complaint at ¶1). As shown above in Section IA Defendant PRWT is a resident of Pennsylvania.

#### A.     The Amount in Controversy Exceeds $75,000

In the 9th Circuit, "the amount in controversy includes all relief claimed at the

time of removal to which the plaintiff would be entitled." (Chavez v. JPMorgan Chase & Co. (9th Cir. 2018) 888 F.3d 413, 418) This amount may include damages, compensatory, punitive, or otherwise, and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. (Chavez at 416)

In this present case, Plaintiff seeks relief that certainly exceeds the amount in controversy threshold of $75,000.00. Specifically, Plaintiff has brought a total of fifteen (15) causes of action against PRWT alleging: (1) Discrimination in Violation of the FEHA- Govt. Code §12940 et seq.; (2) Retaliation in Violation of the FEHA- Govt. Code §12940 et seq.; (3) Failure to Prevent Discrimination and/or Retaliation (4) Failure to Accommodate in Violation of the of the FEHA- Govt. Code §12940 et seq. (5) Failure to Engage in the Interactive Process in of the FEHA- Govt. Code §12940 et seq.; (6) Violation of the CFRA-Govt. Code 12945.2;  (7) Wrongful Termination in Violation of Public Policy; (8) Intentional Infliction of Emotional Distress; (9) Negligent Infliction of Emotional Distress; (10) Failure to Provide Meal Periods in Violation of Labor Code§226.7; (11)  Failure to Provide Rest  Periods in Violation of Labor Code§ 226.7;(12) Failure to Pay Overtime Wages  in Violation of Labor Code § 510; (13) Failure to Pay Minimum  Wages  in Violation of Labor Code § 1197.1; (14) Failure to Pay Earn Wages in Violation of Labor Code  § § 201, 202; (15) Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code § 226.  Plaintiff has alleged that he was wrongfully terminated and as a result he "…seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $1,000,000…" (Complaint, Prayer for Relief

P. 29:3-4) Based on the foregoing, Defendant denies liability but asserts that the amount sought by Plaintiff exceeds $75,000 as required by 28 U.S.C. Section 1332(a)(2). As such, complete diversity of citizenship exists between the parties.

DATED: January 12, 2022          KEITH A. FINK & ASSOCIATES

                         By:     /s/Sarah E. Hernandez
                                 Keith A. Fink
                                 Sarah E. Hernandez
                                 Attorneys for Defendant
                                 PRWT SERVICES, INC.

- 15 -
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1990 Bundy Drive, Suite 620, Los Angeles, CA 90024.

On January 12, 2022, I served the document described as
1. **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**
2. **DECLARATION OF SARAH E. HERNANDEZ**
3. **DECLARATION OF JANE'QUEL ARMSTEAD**
4. **CIVIL CASE COVER SHEET**
5. **NOTICE OF JOINDER**
6. **NOTICE OF RELATED CASES**
7. **NOTICE OF INTERESTED PARTIES**
8. **PROOF OF SERVICE ON ADVERSE PARTIES**

on all interested parties in this action as follows:

Ryan S. Cadry
ryan@cadrylaw.com
Nadejda Sokolova
nadia@cadrylaw.com
CADRY LAW GROUP, PC
16501 Ventura Blvd., Suite 610
Encino, CA 91436

Jana M. Moser
jana@moserlegal.com
Krista L. Fonseca
krista@moserlegal.com
MOSER LEGAL, PC
555 West Fifth Street, 35th Floor
Los Angeles, CA 90013

[X]   **(E-SERVE) VIA ELECTRONIC SERVICE**

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: January 12, 2022          By:   */s/Joseline Angulo*
                                        Joseline Angulo